**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In Re: | Chapter 11 |
| | Bky. Case No. 06-42532 - GFK |
| Edina Development Corporation, | **SETTLEMENT STIPULATION** |
| Debtor. | |

This settlement stipulation ("Agreement"), is entered into between Edina Development Corporation, a Minnesota corporation ("Edina"), and US Federal Credit Union, a federal credit union ("USFCU"), made effective the 3rd day of October, 2007, to resolve claims asserted, or which could have been asserted, in the Request for Relief asserted by USFCU in the above captioned matter.

A. The facts relevant hereto are set forth more fully in each of USFCU's two (2) Notices of Hearing and Motions for Relief from the Automatic Stay, Memorandums in Support of Motions for Relief from the Automatic Stay, Orders for Relief from the Automatic Stay, Supplemental Affidavits in Support of USFCU's Motions for Relief From the Automatic Stay and Trial Briefs (collectively, "Requests for Relief"), which have been previously submitted to the Court for the Requests for Relief brought by USFCU and which Requests for Relief are incorporated hereto by reference as though fully set forth herein;

B. Edina executed and delivered three (3) promissory notes to USFCU (collectively, "Notes"), which Notes were secured by mortgages made, executed and delivered to USFCU (collectively, "Mortgages"), which Mortgages encumber certain real property located in Benton County, Minnesota (collectively, "Property");

C. On or about November 1, 2006, Edina filed a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code");

D. On July 27, 2007, USFCU initiated its Requests for Relief;

E. USFCU's Requests for Relief were set for evidentiary hearing on September 26-27, 2007, before the Honorable Gregory F. Kishel of the United Stated Bankruptcy Court for the District of Minnesota.

F.      Edina and USFCU are desirous of resolving the claims asserted, or which could have been asserted, in the Requests for Relief to avoid the additional time, costs, and attorney fees to pursue the claims and defenses asserted in the Request for Relief.

NOW THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby stipulated and agreed by and between all the parties as follows:

1.      Edina agrees to withdraw its objections to each of the Requests for Relief filed with the bankruptcy court.

2.      On or before October 2, 2007, Edina agrees to execute voluntary foreclosure agreements for the Property encumbered by the Mortgages, which are subject to the Requests for Relief ("Voluntary Foreclosures").

3.      Edina agrees to be the general contractor to finish, and make marketable for sale, the six (6) complete and partially complete townhome units ("Vertical Units"), which are the subject to the Requests for Relief.

4.      USFCU agrees to pay the subcontractors, hired by Edina to finish the Vertical Units, the exact amount of which payment shall be approved in advance by USFCU.

5.      As a construction management fee to complete the Vertical Units, USFCU agrees to convey one (1) of the remaining undeveloped lots within the Property, legally described as follows:

Lot 4, Block 2, The Fairways Fourth Addition, Benton County, Minnesota;

to Edina or its designee, after the Redemption Expiration as defined herein.

6.      USFCU further grants Edina an option to purchase any remaining undeveloped lots in the Property ("Horizontal Lots"), that USFCU is unable to sell within one year of the expiration of the last redemption period associated with the Voluntary Foreclosures ("Option"). Said Option shall

accrue and be exercisable by Edina no sooner than one year from the date of expiration of the last redemptive period associated with the Voluntary Foreclosures ("Redemption Expiration").

7. If the Option is exercised by Edina, all remaining/unsold Horizontal Lots must be purchased together. The Option shall not be effective to purchase less than all of the remaining Horizontal Lots.

8. In the event Edina wishes to exercise the Option to purchase all of the remaining/unsold Horizontal Lots, a purchase agreement acceptable to USFCU, in USFCU's reasonable discretion ("Purchase Agreement"), must be signed and provided to USFCU no later ten (10) days after the day that is one year after the Redemption Expiration.

9. In the event USFCU receives an acceptable Purchase Agreement, the closing for all of the remaining/unsold Horizontal Lots must be concluded within thirty (30) days of the date the Purchase Agreement is executed ("Closing Date").

10. The sale price for each of the remaining/unsold Horizontal Lots shall be an amount equal to eighty percent (80%) of the published foreclosure amount associated with each of the Horizontal Lots, plus the amount equal to the accrued but unpaid interest associated with each of the Horizontal Lots at the Note rate, plus USFCU's carrying costs for each of the Horizontal Lots, which costs shall include, but not be limited to, property taxes, assessments, insurance, maintenance or repair costs and the like, associated with each of the Horizontal Lots.

11. The aggregate sale price for each of the remaining/unsold Horizontal Lots shall be paid by Edina to USFCU at the Closing Date.

12. This Agreement shall become effective upon the Bankruptcy Court's entry of an order approving it and authorizing the parties to perform according to its terms.

**ANASTASI & ASSOCIATES, P.A.**

Dated: October 3, 2007

/s/ T. Chris Stewart
T. Chris Stewart, #152316
David C. Anastasi, ##209582
Garth G. Gavenda, #310918
14985 60th Street North
Stillwater, MN 55082
(651) 439-2951

**HINSHAW & CULBERTSON, LLP**

Dated: October 3, 2007

/s/ Joel D. Nesset
Joel D. Nesset, #030475X
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 339-4295